UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY VAZ, et al                                                      PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:06CV481-LTS-RHW

ALLSTATE PROPERTY & CASUALTY CO., et al                          DEFENDANTS

**<u>ORDER OF SEVERANCE</u>**

Before the Court is Plaintiffs' complaint filed on May 12, 2006.  There are hundreds of

Plaintiffs joined in a single lawsuit, each asserting claims that arise out of damage to property

caused by Hurricane Katrina.  The Court *sua sponte* raised the issue of whether to sever each of

the claims for damaged property into a separate cause of action.  On July 13, 2006, the Court

entered a Show Cause Order permitting the parties an opportunity to brief the issue of whether

the Court should enter an order severing the Plaintiffs' claims into individual lawsuits.  The

parties have filed responses.

Generally, permissive joinder of plaintiffs under Fed. R. Civ. P. 20 is at the option of the

plaintiffs, assuming that they meet the requirements set forth in Rule 20.  *Applewhite v.*

*Reichhold Chemicals*, 67 F.3d 571, 574 (5th Cir. 1995).  Under Rules 20 and 21, the district court

has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.

*Id.*  The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of

disputes, thereby eliminating unnecessary lawsuits.  *Alexander v. Fulton County*, 207 F.3d 1303,

1322 (11th Cir. 2000)(en banc).  The Supreme Court has instructed lower courts to employ a

liberal approach to permissive joinder of claims and parties in the interest of judicial economy.

*See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

A party seeking joinder of claimants under Rule 20 must establish (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined.  *See* Fed. R. Civ. P. 20(a).  The Court may consider the following factors when deciding whether claims should be severed pursuant to Rule 21:  (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.  *See Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (S.D. N.Y. 1999).

The Court concludes that the Plaintiffs should be required to file separate complaints. Although there may be some common issues of law and fact, the Court finds that the Plaintiffs have not met the same transaction or occurrence prong of Rule 20(a).  In a superficial sense, the hurricane was a common occurrence;  however, the storm was vastly different in its effect depending on the specific geographic location of each particular home.  Although Plaintiffs each held basically the same standard homeowner's policy, each insurance contract is a separate transaction.  *See Coleman v. Conseco, Inc.*, 238 F.Supp.2d 804, 819 (S.D. Miss. 2002). Likewise, any alleged negligent or fraudulent misrepresentations by insurance agents constitute separate transactions or occurrences.  *See Reed v. American Medical Secuirty Group, Inc.*, 324 F.Supp.2d 798, 804-05 (S.D. Miss. 2004); *Grennell v. Western Southern Life Ins. Co.*, 298 F.Supp.2d 390, 398 (S.D. W.Va. 2004).

In essence, Plaintiffs have filed what amounts to a quasi-class action lawsuit but without

regard for the rigid requirements for class certification. This Court recently denied an attempt to

certify class for Hurricane Katrina cases in *Guice v. State Farm Fire & Casualty Co.*, 2006 WL

2359474 (S.D. Miss. 2006). In denying class certification, U.S. District Judge L.T. Senter, Jr.

stated that

> [t]his Court's insurance docket can be described as a variety package with respect
> to such factors as the number of lawyers involved, the theories of recovery being
> pursued, or the geographical location of the loss. A number of removed cases
> include miscellaneous allegations against local agents for negligence and other
> actionable conduct, and these cases may be subject to remand to state court
> because of a lack of diversity jurisdiction.

In another opinion, Judge Senter wrote that "[e]ach property owner in Mississippi who had real

and personal property damaged in Hurricane Katrina is uniquely situated. No two property

owners will have experienced the same losses. The nature and extent of the property damage the

owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars,

depending on the location and condition of the property before the storm struck and depending

also on what combination of forces caused the damage." *Comer v. Nationwide Mutual Ins. Co.*,

Civil Action No. 1:05cv436. The undersigned finds that the same considerations that applied in

*Guice* and *Comer*, apply to the instant case as well.

Accordingly, the Court finds that the Plaintiffs' individual claims should be divided into

separate lawsuits requiring separate complaints. Each complaint should correspond to a single

damaged property. In other words, if more than one person owns a particular property, there will

be one complaint for that property, even though there may be multiple individual plaintiffs

pursuing the claim on that property.

The Court recognizes that even though it is requiring separate complaints to be filed, the

Court may consolidate issues for trial pursuant to Fed. R. Civ. P. 42.  The Court will continue to explore this avenue in an attempt to streamline the litigation process.

IT IS THEREFORE ORDERED that

(1)     By agreement of the parties, the claims of Joseph and Mary Proby and the claims of Anthony and Jo Ann Vaz shall be severed immediately as these two causes of action have been set for trial on an expedited basis.  These Plaintiffs shall file an amended complaint and pay filing fees as soon as their cases have been severed.

(2)     Within twenty (20) days of this Order, Plaintiffs shall file a list of each property that is subject to this lawsuit and identify the Plaintiffs who are asserting a claim as to each property.

(3)     All Plaintiffs' claims in Civil Action No. 1:06cv481 shall then be severed into individual actions, one for each property;  and the Clerk shall assign a new civil action number for each severed claim.

(4)     The Clerk shall copy the pleadings and exhibits from Civil Action No. 1:04cv481, which shall then be included as part of the record for the severed action.  Each of the previous filings will be deemed filed in the new cases as of the dates shown on the docket sheet for Civil Action No. 1:04cv481.

(5)     Pending motions in the captioned cause are terminated by this order and shall be resubmitted as necessary in each new case.

(6)     The current case shall be closed upon the individual cases being severed and replaced by the new filings.

(7)     Within (30) days of providing the Court with the list required in subpart (2) of this

4

Order, Plaintiffs shall file an amended complaint and filing fee in each new civil action.

(8)    All pre-discovery disclosure of case information or other cooperative discovery devices provided for by the Uniform Local Rules of the United States District Courts of Mississippi 26.1(A) and Federal Rules of Civil Procedure 26(a)(1) which have not been previously furnished by the parties shall be disclosed pursuant to said rules.  In the event that the court finds that common questions of law or fact exist in separate cases, the court may then order that those cases be consolidated as provided in Fed. R. Civ. P. 42(a).

(9)    An in-person case management conference for each severed action (other than the cases of the Probys and Vazes already set for trial) is hereby scheduled for November 1, 2006 at 10:30 a.m.

(10)    All severed cases shall remain assigned to United States District Judge L.T. Senter, Jr. and United States Magistrate Judge Robert H. Walker.

SO ORDERED, this the 6th day of September, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE

5